G. E. COTTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 46673, 51456, 59655.   Promulgated March 14, 1932.

M. A. *Matlock, Esq.*, for the petitioner.
*Nathan Gammon, Esq.*, for the respondent.

868

LANSDON: It is obvious that the respondent properly rejected the petitioner's method of reporting income from his short loan business. That method took no account of capital gains retained in the business through outstanding loans at the beginning and end of each tax year, or for actual losses through bad debts. All collections, whether of principal or interest, were treated as income and all loans as expenses of the business. Petitioner concedes the novelty of his sys-

tem, but insists that it is one consistently employed by him over a number of years and that it is justified under article 323 of Regulations 74 and 75, which provides that "each taxpayer shall adopt such forms and systems of accounting as are in his judgment best suited to his purposes." It is true that the regulation cited contemplates that a liberal latitude be allowed to the taxpayer in keeping his books, but it does not waive the requirement that any system adopted must truly reflect income. Where the system used does not do this the regulations require the Commissioner to reject it and to make his own computation in such a manner as in his opinion shall so do. The Commissioner has made such computation of the petitioner's income in respect of this business for the years involved. The petitioner has offered no proof to show that such determinations are incorrect. In such circumstances we must sustain the determination of the respondent. *Ella Pipes Cline*, 15 B. T. A. 934.

Respecting the deductions claimed by the petitioner of expenditures made in prospecting his mineral lease, such, this Board and the courts have uniformly held, must be classed as capital expenditures and added to the cost of the mine when brought to production. If the development results in discovery of commercial ores, the cost may be recovered through depletion and depreciation deductions; if the prospect is abandoned, loss should be claimed in the year of the abandonment. The respondent's action in rejecting petitioner's claim for the deductions from his income as expenses is in accord with Regulations 69, article 222, and is approved. *Illinois Central R. R. Co.* v. *Interstate Commerce Commission*, 206 U. S. 441.

We think the petitioner's venture in the Pump and Well Company resulted in a deductible loss which he was entitled to take in the year claimed. The petitioner and Moody undertook to supply the necessary cash to start this company in business in payment for their respective interests. Moody failed to fulfill his part of the agreement and the petitioner voluntarily supplied the entire amount in order to save his own interest. This was tantamount to a voluntary assessment against himself as a contributor to the capital of the corporation. *Fairview Co.*, 13 B. T. A. 743. Respecting the loss, the record shows that the corporation could live only so long as the petitioner continued his contributions, and when these ceased it ceased to function. When the receiver was appointed in that year its only visible assets consisted of some castings in the possession of the foundry which had cast them and held claims against it for the cost thereof. It is true that the receiver brought suit against Moody, which deferred final liquidation of the corporation until 1931, but the petitioner was no party to that suit and could in no way be benefited by its outcome. Being the sole financial supporter and entirely

familiar with all of its affairs, the petitioner realized that his investment in the corporation was a loss in 1929 and decided to abandon it in that year. The result of the court proceedings which followed only confirmed his judgment respecting his loss as a stockholder. Obviously, to continue further advances would have increased his loss; and, we think, in the circumstances, that he was justified in facing the facts and charging the sum of his advances off as a loss in 1929. In respect to this claim for deduction the contention of the petitioner is sustained. *Remington Typewriter Co.*, 4 B. T. A. 880; *J. J. Melick*, 6 B. T. A. 70; *Joslyn Mfg. & Supply Co.*, 6 B. T. A. 749; *Homer M. Preston et al.*, 7 B. T. A. 414; *Floyd E. Poston et al., Administrators*, 17 B. T. A. 921; and *In re Harrington*, 1 Fed. (2d) 749.

*Decision will be entered under Rule 50.*